UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IDG USA, LLC,

               Plaintiff

    v.                                     **DECISION AND ORDER**
                                                  10-CV-76S

KEVIN J. SCHUPP

               Defendant.

1. Plaintiff IDG USA, LLC ("IDG") commenced this action on January 29, 2010, against its former employee, Defendant Kevin J. Schupp, alleging breaches of a Non-Compete Agreement, breach of a Confidentiality Agreement, unfair competition, and theft of trade secrets. On August 18, 2010, this Court granted IDG's Motion for a Preliminary Injunction. Now before the Court are three motions by Defendant Schupp: (1) a Motion for Stay of Preliminary Injunction Pending Appeal (Docket No. 32); (2) a Motion to Shorten Notice Time for Motion for Stay (Docket No. 33); and (3) a Motion for Bond Under Rule 65 (Docket No. 41.)

2. Schupp's Motion to Shorten Notice Time (Docket No. 33) is denied as moot.

3. When a party moves for stay pending appeal, the factors to be considered are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct.

2113, 95 L. Ed. 2d 724 (1987).

4. Schupp argues that he is likely to succeed on the merits because: (1) the Court failed to order IDG to post a bond in violation of Rule 65(c) of the Federal Rules of Civil Procedure; (2) the Court's restraint of Schupp working for a competing company is unlawful; (3) the non-solicitation restraint is flawed; (4) the Court erroneously rejected his breach of contract defense; and (5) the injunction's terms are not sufficiently specific.

5. With respect to Rule 65(c), the parties each rely on Second Circuit authority for the competing propositions that: (1) a district court may dispense with the security requirement when it is not requested, Clarkson Co. v. Shaheen, 544 F.2d 624, 632 (2d Cir. 1976) (cited by IDG), and (2) a district court is required to make a determination on a bond before a preliminary injunction is entered, Corning, Inc. v. PicVue Elecs., Ltd., 365 F.3d 156, 158 (2d Cir. 2004) (cited by Schupp). More recently, in an unpublished opinion, the Second Circuit was presented with precisely these respective arguments and cases. Eyewonder, Inc. v. Abraham, 293 Fed. Appx. 818 (2d Cir. 2008). The Circuit Court noted that "our caselaw does little to clarify this issue," and, as it already had made determinations dispositive of that appeal, concluded that "we need not definitively resolve this issue." *Id*. at 821. Because the necessity for a determination on a bond remains an unsettled question in this Circuit, Schupp has not made a strong showing that the failure to order a bond absent his request for security is fatal to the injunction. He now has moved for a bond, and that motion is addressed below.

6. With respect to the Court's restraint on employment, Schupp points out, and IDG agrees, that the second ordering paragraph of the preliminary injunction does not track the language of the parties' Non-Compete Agreement, as correctly quoted in the body of the

Decision. (Docket No. 31 at 12, 30.) This is a purely clerical error that is appropriate for correction even after a notice of appeal has been filed. *See* International Ass'n of Machinists & Aerospace Workers v. Eastern Air Lines, Inc., 847 F.2d 1014, 1017 (2d Cir. 1988) ("[O]nce a notice of appeal has been filed, a district court may take actions only 'in aid of the appeal or to correct clerical errors . . . and may not 'adjudicate substantial rights directly involved in the appeal.'"); *see also*, Baron v. Strawbridge & Clothier, 1986 U.S. Dist. LEXIS 25914 (E.D. Pa. 1986) (correcting preliminary injunction order after notice of appeal filed). This Court finds that correction of this clerical error is warranted to accurately reflect the scope of the injunction as stated in the body of the Decision. Said correction is set forth in the Order below.

7. Next, Schupp contends that the preliminary injunction's non-solicitation restraint, which restrains him from soliciting orders from thirteen IDG customers, is fatally flawed because the Court "was unable to make the necessary findings . . . as to confidential information and/or trade secrets" as required by Rule 65(d)(1)(A). (Docket No. 34 at 3-4 and fn 2.) The Court simply notes that its non-solicitation restraint is based, in substantial part, upon Schupp's concession that he commenced work for an IDG competitor and solicited IDG customers in violation of the Non-Compete Agreement, IDG's showing of irreparable harm resulting therefrom, and the Court's conclusion that Schupp's defenses of an initial breach by IDG and constructive termination were not sufficient, on the record presented, to overcome IDG's showing of a likelihood of success on the merits.

8. Schupp's fourth and fifth arguments are cursory and unsupported by any decisional authority.

9. Upon consideration of Schupp's five merit-based arguments, the Court concludes

3

that he has not made a strong showing of likely success on the merits. Even were that not the case, the remaining Hilton factors do not weigh in favor of a stay.

10. With regard to the second Hilton factor, Schupp attests that his current employer, Abrasive Tool, sent him home from work on August 20, 2010, without indicating when he can return (Docket No. 32-5 ¶ 1), and that he has "been out of work for approximately four weeks" (Docket No. 48-2 ¶ 2). Schupp does not attest that Abrasive has terminated his employment or discontinued payment of wages. Nor has he attempted to substantiate in any way his conclusory statement that the preliminary injunction, which is limited in scope as to geography and industry, deprives him of all prospects for work in sales. Thus, the Court is unable to conclude that Schupp will be irreparably harmed absent a stay.

11. As for the third Hilton factor, Schupp characterizes IDG as a "gigantic national corporation whose sales are in the multi-millions," and suggests any loss in sales resulting from a stay will go virtually unnoticed. IDG, in turn, attests to the percentage of lost sales it believes is attributable to Schupp's post-resignation conduct, and estimates a loss of gross profits over the next twelve months of at least $425,000. (Docket No. 37.) Regional Sales Manager Lewis also avers that IDG was forced to reduce its Amherst Office staffing due to this decrease in sales. Schupp's characterizations, presented in a memorandum of law, are insufficient to overcome IDG's showing of the potential for substantial harm absent a stay.

12. Finally, Schupp opines that "the public policy of New York as expressed by its courts" favors a stay. Because Schupp has cited no authority in support of this statement, the Court is unable to agree.

13. For all the reasons stated, the Court finds that Schupp has not made a showing

sufficient to warrant a stay on appeal, and the Motion for Stay will be denied.

14. Schupp also moves for the posting of a bond by IDG in a minimum amount of $200,000, which is based on two years of his $77,000 base salary, plus the legal fees and costs of his appeal.

15. In opposition to Schupp's Motion for Stay, IDG contended that it should not now be required to give a security, but if the Court believed a bond was warranted, it should not exceed $77,000; the annual base salary Schupp claims he would have received during the one year of the restriction set forth in the Non-Compete Agreement. (Docket No. 8 at 1-2.) IDG now claims Schupp's motion should be denied in its entirety because it is untimely and his submissions are insufficient to support the posting of security. (Docket No. 44.)

16. As to IDG's first argument, given the apparently unsettled state of the law in this Circuit with regard to Rule 65(c), this Court cannot conclude that Schupp's motion is untimely. IDG's second argument also is unavailing. The purpose of a bond under Rule 65(c) is "to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." It would be impossible for Schupp to quantify, in advance, the amount of actual damages he might incur during the one year restraint period specified in the Non-Compete agreement. That amount must be computed from his last known salary and his estimated costs. Accordingly, the Court finds that a bond in the amount of $125,000—consisting of $77,000 in salary and $48,000 in estimated costs—is appropriate.

IT HEREBY IS ORDERED that Defendant Schupp's Motion for Stay of Preliminary Injunction Pending Appeal (Docket No. 32) is DENIED; his Motion to Shorten Notice Time for Motion for Stay (Docket No. 33) is DENIED as moot; and his Motion for Bond Under

Rule 65 (Docket No. 41) is GRANTED.

FURTHER that the Second Paragraph of the Court's Preliminary Injunction Order (Docket No. 31, Part V.) is amended to read as follows: "Defendant is preliminarily enjoined from engaging in work on behalf of any business which is competitive with IDG, within fifty miles of IDG's Amherst Office, if he will be expected to perform any services or engage in any activities which are substantially similar to the services he performed or activities he engaged in while employed at IDG."

FURTHER that Plaintiff IDG is directed to post security in the amount of $125,000 (One Hundred Twenty-five Thousand Dollars) within ten calendar days of the date of this Decision and Order.

FURTHER that in the event Plaintiff IDG does not timely post security, the preliminary injunction granted on August 18, 2010 will expire.

SO ORDERED.

Dated: September 20, 2010
      Buffalo, New York

                              /s/William M. Skretny
                            WILLIAM M. SKRETNY
                                  Chief Judge
                            United States District Court