UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IDG USA, LLC,

                                        Plaintiff,
                    v.

KEVIN J.  SCHUPP, and
ABRASIVE-TOOL, CORP.,

                                        Defendants.
_____

KEVIN J.  SCHUPP,

                                        Counter Claimant,
                    v.

IDG USA, LLC,

                                        Counter-Defendant.
_____

**DECISION**
**and**
**ORDER**

**10-CV-00076S(F)**

APPEARANCES:            PHILLIPS LYTLE LLP
                        Attorneys for Plaintiff and Counter-Defendant
                        CHRISTOPHER HAYES, and
                        KEVIN J. ENGLISH, of Counsel
                        3400 HSBC Center
                        Buffalo, New York 14203

                        SCHRÖDER, JOSEPH & ASSOCIATES, LLP
                        Attorneys for Defendant and Counter-Claimant Schupp
                        LINDA H. JOSPEPH, of Counsel
                        766 Ellicott Street
                        Buffalo, New York 14203

                        BURNS & SCHULTZ LLP
                        Attorneys for Defendant Abrasive-Tool Corp.
                        ANDREW M. BURNS, of Counsel
                        28 East Main Street
                        Suite 900
                        Rochester, New York 14614

## JURISDICTION

This action was referred to the undersigned by Honorable William M.  Skretny on November 22, 2010, for nondispositive pretrial matters.  The case is presently before the court on Defendant Schupp's motion filed April 15, 2011 (Doc. No. 59), seeking a court order directing enforcement of an injunction bond posted in this action by awarding Defendant attorney's fees incurred in connection an interlocutory appeal to the Second Circuit challenging this court's order granting Plaintiff a preliminary injunction.

## BACKGROUND and FACTS[1]

Plaintiff IDG USA, LLC ("Plaintiff"), commenced this contract action on January 29, 2010, alleging Defendant Kevin J. Schupp ("Defendant"), Plaintiff's former sales associate, breached a non-compete agreement ("the Agreement") executed by Defendant and Plaintiff on May 27, 2008, precluding Defendant, following the termination of his employment with Plaintiff, from soliciting business from any of Plaintiff's customers for one year, and from using or revealing any of Plaintiff's trade secrets or confidential information for two years.  Plaintiff paid $ 3,000 to Defendant for executing the Agreement.  On January 14, 2010, Defendant, without any advanced notice, voluntarily terminated his employment with Plaintiff, who allegedly reminded Defendant of his non-compete obligations imposed by the Agreement.  Plaintiff alleges that within days of his voluntary resignation from Plaintiff, Defendant commenced

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

employment as a sales associate with Plaintiff's direct competitor, Defendant Abrasive-Tool Corp. ("Abrasive-Tool"), for whom Defendant, in violation of the Agreement, began soliciting business from Plaintiff's former customers.  According to Plaintiff, Defendant used his knowledge of Plaintiff's business and pricing practices and customers' requirements to undercut Plaintiff's offers for goods and services, thereby placing Plaintiff's customer relationships in jeopardy and damaging Plaintiff's goodwill.

Plaintiff brings claims against Defendants for (1) breach of covenant not to compete; (2) breach of covenant not to solicit; (3) breach of covenant not to disclose confidential information and confidentiality agreement; (4) unfair competition; and (5) theft of trade secrets.  Plaintiff's stated requested relief includes a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining Defendant from further conduct in violation of the Agreement.  On February 2, 2010, Plaintiff moved for a temporary restraining order and preliminary injunction.  On February 23, 2010, Defendant filed an Answer and Counterclaim (Doc. No. 16).

On August 15, 2010, Chief District Judge William M. Skretny granted Plaintiff's motion for a  preliminary injunction (Doc. No. 31) ("PI").  The PI, however, did not provide for an end date or specify the geographic area for the prohibited activities, nor require Plaintiff to post security in an amount sufficient to reimburse Defendant for any costs and damages incurred as a result of the PI should it later be determined that Defendant was wrongfully enjoined.  On August 23, 2010, Defendant filed a notice of interlocutory appeal indicating Defendant was appealing the PI to the Second Circuit Court of Appeals (Doc. No. 35) ("First Interlocutory Appeal").  Defendant also filed on August 23, 2010, in this court, a motion seeking a stay of the PI pending resolution of

the First Interlocutory Appeal (Doc. No. 33) ("Motion to Stay").  In papers filed in support of the Motion to Stay, Defendant argued the PI was defective on its face for failing to require Plaintiff to post security in an amount sufficient to reimburse Defendant for any costs and damages incurred as a result of the PI should it later be determined that Defendant was wrongfully enjoined, and because the PI failed to specifically state its terms and provides for relief that is unlawful under established New York law applicable to non-compete claims, including that the PI did not sufficiently specify the geographic limits of the area in which the Agreement forbade Defendant from working for any of Plaintiff's business competitors.

On September 2, 2010, Defendant moved pursuant to Fed.R.Civ.P. 65(c) (Doc. No. 41) ("Bond motion"), for an order directing Plaintiff to post an injunction bond in the amount of at least $ 200,000 for Defendant's benefit to pay the costs and damages sustained by Defendant should Defendant ultimately be found to have been wrongfully enjoined or restrained.  In a Decision and Order filed September 20, 2010 (Doc. No. 49) ("September 20, 2010 D&O), Judge Skretny, *inter alia*, granted the Bond motion, directing Plaintiff to post as security an injunction bond in the amount of $ 125,000, an amount calculated based on Plaintiff's last known annual salary and the estimated costs of this litigation to Defendant, amended the PI to enjoin Defendant "from engaging in work on behalf of any business which is competitive with [Plaintiff], within fifty miles of [Plaintiff's] Amherst office."  September 20, 2010 D&O at 5-6.  On September 28, 2010, Plaintiff filed the Preliminary Injunction Bond (Doc. No. 50) ("the injunction bond"), in the amount of $ 125,000 in accordance with the September 20, 2010 D&0. On September 29, 2010, Defendant filed a notice of interlocutory appeal

4

indicating Defendant was appealing the September 20, 2010 D&O to the Second Circuit

Court of Appeals (Doc. No.  51) ("Second Interlocutory Appeal").

By mandate filed April 15, 2011 (Doc. No. 57) ("Second Circuit Mandate"), the

Second Circuit Court of Appeals addressed both the First and Second Interlocutory

Appeals, affirming the grant of the PI, but vacating the PI insofar as it failed to specify

the duration of the PI's prohibitions, and remanding the matter to the District Court to

consider whether the non-compete and non-solicit clauses remained in effect.  The

Second Circuit further rejected Defendant's

> argument that the district court's preliminary injunction is somehow invalid
> because the court failed to require [Plaintiff] to post a bond until after the
> preliminary injunction first issued.  While the bond should have been required
> *sua sponte* at the time the injunction first issued (or the district court should have
> explained when issuing the injunction why no bond was being imposed), such
> error is harmless because the district has now required such a bond.

Second Circuit Mandate at 5.

On April 15, 2011, Plaintiff filed a motion for leave to file an amended complaint

(Doc. No. 58) ("Plaintiff's motion to amend").  Also on April 15, 2011, Defendant filed

the instant motion (Doc. No. 59) ("Defendant's motion"), seeking leave to filed an

amended answer and a court order directing enforcement of the injunction bond posted

in this action by awarding Defendant attorney's fees incurred in connection with

Plaintiff's interlocutory appeal to the Second Circuit challenging this court's order

granting Plaintiff a preliminary injunction.  Defendant's motion is supported by the

attached Attorney Affirmation of Linda H. Joseph, Esq. (Doc. No. 59-1) ("Joseph

Affirmation"), and Defendant's Memorandum of Law (Doc. No. 59-2) ("Defendant's

Memorandum").

In an Order entered April 26, 2011 (Doc. No. 60) (April 26, 2011 Order), the undersigned noted that neither party was in opposition to the other party's motion to amend, granted the Plaintiff's motion to amend, and deemed as withdrawn Defendant's motion insofar as Defendant sought leave to file an amended answer.  By text order entered May 2, 2011, the undersigned ordered Plaintiff to file by May 12, 2011, any response to Defendant's motion, insofar as Defendant sought to enforce the injunction bond, and set May 17, 2011, as the deadline for Defendant's reply.  Accordingly, on May 12, 2011, Plaintiff filed Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Attorney's Fees and Expenses Under the Preliminary Injunction Bond (Doc. No. 66) ("Plaintiff's Memorandum").  Defendant did not file any papers in further support of Defendant's motion.  Oral argument was deemed unnecessary.

## DISCUSSION

Defendant's motion is based on the fact that as originally issued on August 15, 2010, the PI did not require Plaintiff to post an injunction bond as required under Rule 65(c), and also lacked the requisite specificity including specifying the geographical boundaries of the area in which Defendant was, pursuant to the Agreement, prohibited from engaging in employment activities in competition with Plaintiff, as well as the duration of the PI's prohibitions.

As relevant to the instant motion, every preliminary injunction or temporary restraining order must "state its terms specifically," and "describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required."  Fed.R.Civ.P. 65(d)(1)(B) and (C).  Further,

> The court may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. . . .

Fed.R.Civ.P. 65(c).

Defendant's motion particularly seeks to recover under the injunction bond Defendant's costs and expenses, including attorney's fees, Defendant recovered in connection with the interlocutory appeal on the basis that the Second Circuit found the PI to be in violation of the specificity requirements of Fed.R.Civ.P. 65.  Defendant seeks to recover for 111.30 attorney hours, totaling $ 31,898.70, and $ 6,592.70 in expenses incurred since August 15, 2010, when the PI first issued.  Defendant's Memorandum at 4. In opposition to Defendant's motion, Plaintiff asserts that Defendant is unable to recover any damages under Rule 65(c) because, although the Second Circuit did vacate and remand a portion of the PI, there has been no finding that Defendant was "wrongfully enjoined."  Plaintiff's Memorandum at 1-3.  Plaintiff further maintains that even if Defendant could show he had been wrongfully enjoined, Rule 65 does not permit recovery of attorney's fees.  *Id*. at 3-4.

"[U]nder the 'American Rule' a prevailing party is generally not entitled to collect attorney's fees from the losing party."  *Nokia Corporation v.  Interdigital, Inc.*, 645 F.3d 553, 560 (2d Cir.  2011).  The principle also is well "established that a prevailing party may not generally collect as damages against an injunction bond attorneys' fees expended in litigating the injunction."  *Id*.  Nevertheless, where an enjoined party seeks to recover fees and expenses incurred in complying with a wrongfully issued injunction, recover of costs, including attorney's fees, "does not contravene the American Rule or

its Rule 65(c) analogue." *Id*. "Nor would permitting recovery under these circumstances risk 'unfairly saddling' losing parties with the prevailing parties' attorneys' fees.  Instead, permitting recovery is consistent with the purpose of an injunction bond – to cover the costs and damages incurred as a result of complying with a wrongful injunction." *Id*. Before recovering costs from an injunction bond, "the wrongfully enjoined party must first demonstrate that the damages sought were proximately caused by the wrongful injunction." *Id*. (citing *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1056 (2d Cir. 1999)).

Significantly, according to the Second Circuit, a party has been "wrongfully enjoined" under Fed.R.Civ.P. 65(c) "'if it has been ordered to do something it has a right to refrain from doing or to cease doing something it had a right to continue doing.'" *Nokia Corp.*, 645 F.3d at 559 (quoting *Guzman v. Local 32B-32-J, Service Employees International Union*, 72 F.3d 260, 263 (2d Cir. 1995)).  "'The focus of the 'wrongfulness' inquiry is whether, in hindsight in light of the ultimate decision on the merits after a full hearing, the injunction should not have issued in the first instance.'" *Id.* (quoting *Blumenthal*, 910 F.2d at 1054).  In the instant case, the Second Circuit Mandate is devoid of any indication that Defendant was, based on the largely inconsequential shortcomings of the PI as originally issued, "wrongfully enjoined" as required for a payment of costs and damages under Rule 65(c).

Moreover, Defendant has failed to identify any harm suffered as a result of the clerical errors in the PI as originally issued.  Although Plaintiff did not post the requisite injunction bond until September 28, 2010, eight days after being ordered by the September 20, 2010 D&O to do so, and more than one month after the PI issued, the

Second Circuit characterized the posting of the security after the PI issued as "harmless error."  Second Circuit Mandate at 5.

Simply put, that the PI, or originally issued, contained what amounted to nothing more than mere clerical errors or oversight by failing to provide for an end date and geographic boundaries for the prohibited activities, and an injunction bond, which the Second Circuit specifically held to be "harmless error," did not cause Defendant to be "wrongfully enjoined" as required to recover costs incurred in connection with the PI.  As such, Defendant's motion is DENIED.

## CONCLUSION

Based on the foregoing, Defendant's motion to seeking enforce the injunction bond by ordering payment of Defendant's costs, including attorney's fees incurred in connection with an interlocutory appeal to the Second Circuit (Doc. No. 59), is DENIED. SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      September 26, 2011
            Buffalo, New York